WILMINGTON & WELDON RAILROAD COMPANY v. C. C. SMITH.

*Condemnation of Land—Appraisement—Presumption.*

1. The sum assessed against the owner of land over which a railroad is constructed, for benefits arising therefrom, cannot exceed that which may be assessed in his favor for damages, and must be for those benefits which are special to the owner, and not such as he shares in common with other persons.

2. It is not necessary that the commissioners appointed to assess benefits and damages should set forth in their award the particulars in which they consisted; and nothing to the contrary appearing, it will be presumed that they acted upon the proper rules in estimating the assessments.

This is a SUMMARY PROCEEDING TO COMDEMN LAND, which was heard upon exceptions to report of Commissioners by *Merrimon, J.*, at Fall Term, 1887, of NASH Superior Court.

The plaintiff company proposing to run a branch railroad from a point at Rocky Mount on its own track towards and by the town of Nashville in its southwestern extension, and being unable to come to an agreement with the defendant as to the purchase of the right of way over lands owned by him in the line of survey, applied to the Superior Court for the appointment of five commissioners to examine the land to be condemned and assess the value thereof in damages to the defendant, as also the value in benefits to accrue thereto from the construction of the road.

No answer was put in to the petition, and the order of appointment as asked, and for the purposes mentioned, was accordingly made, and with the consent of the defendant, who had been duly served with notice of the intended application.

The commissioners, or "jurors" as they are called in the record, met on the premises, the defendant being present, examined the same and made report as follows:

"We the undersigned jurors, appointed by John T. Morgan, Clerk of the Superior Court of Nash County, to assess the damages on C. C. Smith's lands by reason of the railroad running through the same, do hereby make the following report:

Damages $12.50 per acre ......... ........................... $ 92.75
Benefit derived from said road .................. ............ 300.00

All of which is respectfully submitted.

Sept. 22d, '86."                               (Signatures.)

The defendant filed exceptions to the report, which may be summarized thus:

1. For that too low an estimate is put upon the value of the land. (This exception was afterwards withdrawn.)

2. For that in the estimate of accruing benefits the defendant's claim to compensation for the easement acquired is extinguished, and that entering into the excessive valuation were benefits not specially pertaining to him considered

and acted on. The Clerk, exercising the functions of the Superior Court, after a recital of the proceeding in his adjudication, overruled the exception, confirmed the report and condemned the "seven and one half acres" described in the report for the uses of the railroad, from which the defendant appealed to the Superior Court in term time. Upon the hearing before the Judge he rendered the following judgment:

"This cause coming on to be heard, the defendant withdrew his exceptions to so much of the report as fixed the amount of damages at $12.50 per acre for seven and one half acres, $92.75, and moved for judgment for said sum, with interest from 22d September, 1886. The Court being of the opinion that the charge for benefits was too vague, in that the report does not state of what the benefits consisted, offered to the plaintiff to recommit the matter to the jury, to the end that they might state the particular benefits derived, the plaintiffs declining to ask for this:

It is therefore ordered and adjudged by the Court, that the defendant recover of the plaintiff ninety two dollars and seventy-five cents ($92.75), with interest thereon from 22d September, 1886, and the cost of this proceeding.

From this judgment the plaintiff appealed.

*Mr. J. Battle,* for the plaintiff.
*Mr. C. M. Cook,* filed a brief for the defendant.

SMITH, C. J., (after stating the case). There is no controversy as to the regularity of the proceeding for the condemnation to the use of the plaintiff of the right of way over the defendant's land for the purpose of constructing and operating the projected branch road, and the only point brought up for review is the rejection of the estimate of advantages to the defendant because of the vagueness in the report.

It is not disputed, but in the briefs of counsel of the respective parties conceded, that the benefits conferred upon the owner of the land from the building of the road, the value of which is to go in the lessening his claim for damages resulting from taking and condemning his property, are not such as he shares in common with other land owners or near residents, but such as are special to himself, and the allowance cannot extend beyond the extinguishment of the claim for compensation for the property taken, nor constitute a counter claim for the excess. *Asheville* v. *Johnston*, 71 N. C., 399, and other cases referred to in appellant's brief.

But it is assumed in the absence of any evidence to the contrary, and we think rightfully assumed, that the commissioners understood and acted upon the proper rule in estimating the value of these benefits, inasmuch as the defendant was present and did not then insist upon a different rule of admeasurement of the benefits, nor does he state that ground of objection in his exception to the report, at least with any particularity, if at all.

The exception is for that the commissioners in the assessment took into consideration the supposed benefits which might arise from the construction of said branch road, and while they said the defendant's land was damaged to the extent of 7 acres at $12.50 per acre, they extinguished it in the estimate of benefits "which defendant is advised and believes is unlawful."

We do not concur in the opinion of the Judge that greater particularity is required, and that the report ought to have shown in what the "benefits" estimated consists. A general verdict is sufficient unless error enters into it, and if such there were it ought to appear. The response meets the error, and if it did not objection should have been made when the report was submitted.

There is error, and this will be certified for further action in the Court below.

Error.